# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TODD MYRVIK,** | : | **CIVIL NO. 1:16-CV-2328** |
| **Petitioner** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN KATHY LANE,** | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Todd Myrvik ("Myrvik"), an inmate confined at the Allenwood Low Security Federal Correctional Institution in White Deer, Pennsylvania. Myrvik contends that his due process rights were violated in the context of a disciplinary hearing held at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). For the reasons set forth below, the court will deny the habeas petition.

## I. Background

On March 24, 2014, Myrvik pled guilty in the United States District Court for the District of North Dakota to a charge of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. United States v. Myrvik, No. 2:13-cr-92 (D.N.D.). On June 26, 2014, Myrvik was sentenced to a one hundred and forty-four (144) month term of imprisonment. (Id.). His projected

release date is February 9, 2025, via good conduct time. (Doc. 10-2 at 4, Public Information Inmate Data).

In the instant petition, Myrvik challenges a disciplinary proceeding that was held at FCI-Oxford in which he was found guilty of violating code 113, possession of an intoxicant. (Doc. 1). Specifically, Myrvik contends that he was unaware an intoxicant was in his cell, his cellmate accepted responsibility for the contraband, and the Discipline Hearing Officer ("DHO") failed to act impartially. (Id.) For relief, Myrvik seeks expungement of the incident report and restoration of forty-one (41) days of lost good conduct time. (Id. at 8).

## II. Discussion

On January 29, 2015, Myrvik was served with incident report number 2677089 charging him with violating code 113, possession of an intoxicant. (Doc. 10-2 at 11-12, Incident Report). The incident is described as follows:

> While performing a random cell search of cell B-15, occupied by Myrvik #12915-059 & Horn #08875-059 I discovered a bag made from a cut off brown pants leg and sewed on the bottom, holding a clear plastic bag and a small plastic rubber hose coming out of the top, concealed in the lower wall vent of the cell. The bag contained a red liquid substance which when tested proved positive for alcohol.

(Doc. 10-2, at 11, § 11).

On January 29, 2015, Lieutenant Whalen gave Myrvik advanced written notice of the charges against him and an investigation ensued. (Doc. 10-2 at 12). During the investigation, Myrvik was advised of his right to remain silent and he indicated that he understood his rights. (Id.) Myrvik gave the following statement, "I did not know it was there." (Id.)

2

On February 2, 2015, Myrvik appeared before the Unit Discipline Committee ("UDC"), and stated, "I didn't know anything about it." (Doc. 10-2 at 11). Due to the severity of the offense, the UDC referred the incident report to the DHO with a recommendation that sanctions be imposed. (Id.)

On February 2, 2015, a staff member informed Myrvik of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form. (Doc. 10-2 at 16, Inmate Rights at Discipline Hearing). Myrvik was also provided with a "Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)" form. (Doc. 10-2 at 17, Notice of Discipline Hearing before the Discipline Hearing Officer (DHO)). Myrvik signed both forms, waived his right to staff representation, and elected not to call any witnesses. (Id.)

On February 12, 2015, Myrvik appeared for a hearing before DHO E. Lafferty. (Doc. 10-2 at 8-9, DHO Report). During the February 12, 2015 hearing, the DHO confirmed that Myrvik received advanced written notice of the charges on January 29, 2015, that he had been advised of his rights before the DHO on February 2, 2015, and that Myrvik waived his right to a staff representative and did not request to call any witnesses. (Id. at 8). The DHO again advised Myrvik of his rights and Myrvik indicated that he understood them. (Id.) Regarding the charges, Myrvik stated, "I had no knowledge of the intoxicant." (Id.)

After consideration of the evidence, the DHO found that Myrvik committed the prohibited act of possession of alcohol. (Id. at 8-9). The DHO explained his findings as follows:

> The incident report states; While performing a random cell search of cell B-15, occupied by Horn, #08875-059, & Myrv[i]k, #12915-059, I discovered a bag made from a cut off brown pants leg and sewed on the bottom, holding a clear plastic bag and a small plastic rubber hose coming out of the top, concealed in the lower wall vent of the cell. The bag contained a red liquid substance which when tested proved positive for alcohol.
>
> Also provided by staff to the DHO for consideration was a supporting staff memorandum describing the positive testing (above .499) of the intoxicants, and photographs depicting a bag of intoxicants which corroborates the incident report.
>
> During the Lieutenant[']s investigation you stated; I did not know it was there. Furthermore, during the UDC you stated; I didn't know anything about it.
>
> Statement to the DHO as documented above in this report and no other documentary evidence provided by the inmate.
>
> The DHO considered your statements during the Lieutenant[']s investigation, UDC, and DHO hearing, and although your cellmate testified that he took responsibility for the intoxicants, the intoxicants were found in a common area of the cell. All inmates assigned to the cell are responsible for ensuring their cell is free from contraband. When items are found in common areas, all inmates are held accountable. Statements from other inmates are found credible when there is corroborating evidence in conjunction with the admission. In this case, there was no corroborating evidence to support the statement of responsibility by your cellmate.
>
> The DHO reviewed the evidence and found the greater weight of the evidence to support the charge based on the incident report, the supporting staff memorandum, and photographs depicting the intoxicants. The DHO also took into consideration your statement during the Lieutenant[']s investigation, your statement during the UDC, and testimony during the DHO hearing. Therefore, the DHO finds you committed the prohibited act(s).

(Doc. 10-2 at 8-9, § V).

The DHO sanctioned Myrvik with forty-one (41) days loss of good conduct time, loss of phone and commissary privileges for ninety (90) days, and seven (7)

days of disciplinary segregation, suspended. (Doc. 10-2 at 9, § VI). The DHO documented his reasons for the sanctions given as follows:

> The possession of alcohol has historically been a factor in producing inmate behavior which seriously disrupts the security and orderly operation of the institution. Such behavior cannot be tolerated as it jeopardizes the safety of staff and inmates.
>
> The sanctions imposed by the DHO were taken to express the seriousness of the infractions. Although not directly related to the infractions, privileges were taken to deter the inmate from this behavior in the future.

(Doc. 10-2 at 9, § VII). At the conclusion of the hearing, the DHO advised Myrvik of his appeal rights. (Doc. 10-2 at 9, § VIII).

Myrvik's sanctions included the loss of good conduct time, therefore he has identified a liberty interest in this matter. Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the

5

disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

The Bureau of Prisons' inmate disciplinary procedures are codified at 28 C.F.R. § 541, *et seq.*, and entitled: *Inmate Discipline and Special Housing Units*. These procedures are intended to meet or exceed the due process requirements prescribed by the Supreme Court. See Von Kahl v. Brennan, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994). Pursuant to these regulations, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.5. The incident is then referred to the UDC for an initial hearing pursuant to § 541.7. The UDC "will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays." 28 C.F.R. § 541.7(c). This period may be

extended if the incident is being investigated for possible criminal prosecution. 28 C.F.R. § 541.4(c). If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. 28 C.F.R. § 541.7(f). If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing. 28 C.F.R. § 541.7(a), (g). The inmate will receive written notice of the charge(s) against him at least twenty-four hours before the DHO's hearing, however the inmate may waive this requirement. 28 C.F.R. § 541.8(c). The inmate is entitled to have a staff representative, appear at the hearing, make a statement, present documentary evidence, and present witnesses. 28 C.F.R. §§ 541.8(d), (e), (f). Following the hearing, the inmate will receive a written copy of the DHO's decision. 28 C.F.R. § 541.8(h).

In the matter *sub judice*, it is clear that Myrvik was afforded all of the required procedural rights set forth in Wolff. He received timely notice of the incident report. He was properly informed of his rights before the hearing, as well as given the opportunity to make his own statement, present documentary evidence, have a staff representative, and to present witnesses on his behalf. Myrvik declined a staff representative, declined to call any witnesses, and presented no evidence in support of his position. At the conclusion of the hearing, Myrvik received a written decision setting forth the evidence relied upon by the DHO and the rationale behind the decision. Myrvik was also notified of his right to appeal.

Since Myrvik was afforded all of his procedural rights, the only remaining issue is whether there was "some evidence" to support the decision by the DHO.

Hill, 472 U.S. at 457. The record clearly reveals the existence of evidence to allow the DHO to conclude that Myrvik was guilty of the charge. The DHO relied on the reporting officer's incident report, the supporting staff memorandum, photographs depicting the intoxicants, Myrvik's statements during the lieutenant's investigation and during the UDC, and testimony during the DHO hearing. (Doc. 10-2 at 8-9, § V). The DHO further noted that all inmates are held accountable for items found in common areas of the cell. See, e.g., Reynolds v. Williams, 197 F. App'x 196, 199 (3d Cir. 2006) ("In the absence of direct evidence indicating an inmate's guilt, the 'some evidence' standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged."). Based upon this evidence as relied upon by the DHO, and without any contradictory evidence submitted by Myrvik (save his own assertion of being unaware of the alcohol), the court finds that Myrvik's due process rights were not violated by the determination of the DHO.

Finally, the court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. § 541, *et seq.* Myrvik was found guilty of a 100-level, greatest severity prohibited act. Pursuant to 28 C.F.R. § 541.3, the following are the sanctions available for 100-level prohibited acts:

- A. Recommend parole date rescission or retardation.
- B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or

    disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
- B.1. Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
- C. Disciplinary segregation (up to 12 months).
- D. Make monetary restitution.
- E. Monetary fine.
- F. Loss of privileges (e.g., visiting, telephone, commissary, movies, recreation).
- G. Change housing (quarters).
- H. Remove from program and/or group activity.
- I. Loss of job.
- J. Impound inmate's personal property.
- K. Confiscate contraband.
- L. Restrict to quarters.
- M. Extra duty.

28 C.F.R. § 541.3 (Table 1).

  Thus, the sanctions imposed by the DHO in this instance were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied as to incident report number 2677089.

## III. <u>Conclusion</u>

  Based on the foregoing, the court will deny the petition for writ of habeas corpus. An appropriate order will issue.

            /S/ CHRISTOPHER C. CONNER
            Christopher C. Conner, Chief Judge
            United States District Court
            Middle District of Pennsylvania

Dated:   March 26, 2019